VA. All persons having manner or form of business before the Honorable Court of Appeals of the Fourth Circuit, please do not turn off your eye and give your attention for the Court is now sitting. God save the United States and this Honorable Court. Good morning. Welcome to the Fourth Circuit. You may be seated. We're happy to see everybody in person and in the courtroom again. And we're ready to hear arguments in our first case, which is PEM Entities v. County of Franklin. Mr. Nichols, you may please record. Good morning. Keith Nichols, North Carolina Bar on behalf of the Appellant PEM Entities LLC. This is a matter that originated in the Eastern District of North Carolina. This is our appeal from the Honorable Richard Myers, the second of the Eastern District. He entered an order on February 25th of 2021 regarding the 10-count complaint that my client filed. Standard of review here is Denodo, the appellant contends. This, by way of background, I'm sure you've had an opportunity to read the briefs, but my client's a real estate developer, purchased property in 2012 in the Franklin County area of North Carolina, which is essentially now a suburb of the Raleigh area. And when it did so, it had a piece of property that was subject to an approved preliminary plan. The approved preliminary plan is found in the joint appendix under page 44. Right. We've seen that. So, your argument is that the plan created a vested property interest in water and sewer services, correct? That's part of the argument. All right. Well, what effect does the settlement agreement have on that claim? Sure, Your Honor. So, with respect to the much of that contention, first of all, with respect to the settlement agreement, there is a portion of the agreement wherein the parties agreed. I'm sorry. So, we have to look at what the settlement agreement says and what the settlement agreement doesn't say. And so, with respect to the settlement agreement... So, first of all... Are you about to point me to the precedent provision in the settlement agreement that you cite in your complaint? Well, a couple of things, Your Honor. I'm about to point to the recitals are incorporated by reference. All right. Go ahead. So, the parties agree, and this is appendix page 80, paragraph 15 of the agreement. The parties agree all the foregoing recitals are incorporated by reference here and they flip over, Your Honor, to the recitals themselves. It's clear at the outset in the whereas clause, the second to last paragraph on page 76 of the appendix, developers and county disagree over whether developers may develop the property in accordance with the preliminary plan, including all the conditions set forth therein, given the date of the approval of such plan, whether developers are subject to the WSAO, which propostates the plan, and to what extent the UDO and the WSAO is applicable to development of the property. So, first, you have the understanding there that there was a question as to the applicability of the WSAO. Then you have, Your Honor, what is actually carved out of the agreement. If you look at what's carved out of the agreement in the appendix, page 78, the county agreed that the preliminary plan has been approved by it. It doesn't say by what date it agreed that it had been approved, whether it was approved back in 2005 or whether it was approved that date. Now, has been approved by it, notwithstanding the date of such approval, developers may proceed to develop their property in accordance with all of the terms, covenants, and provisions of the preliminary plan except as set forth therein. Any vested rights, according to the property under the preliminary plan approval, shall not be modified or supplemented by any subsequent action, including ordinance rule and or regulation of county. And what the pretty clear to me what it says is this agreement doesn't add to or subtract from any rights that you would have otherwise had absent this agreement. That seems like the most logical reading of that to me. It does. But what the district court's reading of it was on page 141 of the appendix, the term any vested rights accorded the property under the preliminary plan approval is itself unclear as to whether the parties agreed that any vested rights exist. So I would agree with that as well. I mean, so then it seems to me it just reduces to the question of did you have any vested right before this agreement? And then I guess my question to you is, can you identify any local ordinance or any other source of authority that says a preliminary subdivision approval creates a vested property, right? Yes, your honor. So, actually, when you look at this issue, you look at state substantive law, right? Sure. The North Carolina Supreme Court in 2015 in town of Midland versus Wayne said, and we must first determine the property interest affected by the combination action. But they say their analyzing is based upon common law. The trial court determined the defendant had a vested right to develop the property under the 1997 plan. That common law government may not deprive a landowner of his right to continue with an approved use of his land when a good faith reliance upon valid government approval, he made substantial expenditures and incurred significant contractual obligations. Here- But they have to apply for water and sewer allocation. It hasn't been approved. Well, if the WSAO applies to my client, there's a requirement for application. We contend that with respect to the SWSAO, which is their allocation ordinance that they adopted in 2019, it doesn't supersede the property right that we had. What about the settlement agreement that says developers may apply for water and sewer allocation effective in 2020? So your honor, with respect to that, we did apply and that was to keep track of their census, because if you look further down in the ordinance itself, they have to take a census of actual water usage. So as your honor said, it didn't take away any rights that we had. It didn't maintain the status quo as to the rights. We applied for ministerial purposes in order to get their census as our position in the complaint. Well, your view is you applied for ministerial purposes. Their view is you applied because you still had to apply, which comes back to the question- So back to the question about whether or not there's any precedent for this. The answer is yes. A defendant's approved multi-phase residential development plan, a preliminary planning followed by phased implementation is consistent with the inherent nature of residential development. So this was an approved preliminary plan. I'm not talking about what they say is it just has to be a permit. It can be a writing. It could be an approved preliminary plan. So that's the Supreme Court of North Carolina. If you, in good faith for lines, make substantial expenditures of money, time, and labor based upon, they said that they made expenditures of money, time, and labor based upon this 1997 plan. The town argument that the expenditures were directly related to some other phase ignored the unified nature of the plan and the benefit of the expenditures to the entire subdivision. So to answer your question- So why isn't, can I ask you just a question, a framing question? Why isn't that a takings claim, not a due process claim? Well, you have a property right. The underlying issue here, Your Honor, is whether the, in that case, it was a condemnation action. But if you're looking- Which is, I mean, it was a condemnation action under state law, but I guess the closer federal constitutional analog to a condemnation action is a takings claim, not a due process claim. Your Honor, this is a taking of our property. It's a due, another question is whether or not we had a property interest that we were vested in that was taken from us. And so- Sure, but these are different constitutional provisions. One provision says life, liberty, or property cannot be taken without due process of law. Another one says public property cannot be taken for private use, sorry, private property cannot be taken for public use without just compensation. Condemnation actions are classically analyzed to takings claims, not to due process claims, right? Yes, Your Honor, under state law, that would be correct. But what we're looking at here is which turned entirely on a facial analysis of this complaint at this stage, is do we have a, district court agrees that if we had a property right that was a vested property right that was taken away, and we think this court would agree that that would establish a claim under the 14th amendment that we have here. So while that analysis was done- Well, if you had a property right, then the due process clause says you have a right to have it not taken without due process of law, not you have an absolute right to never have it taken. Right, and in this instance, there's absolutely no evidence that there was due process of law. I mean, that we had it, it was taken, they adopted an ordinance, there's no- So let me get this straight. So your view is that you had a right to install this water stuff without any permits from anybody at all. I mean, can you, do you have any evidence that any other entity received water and sewer services without it, after this statute was passed, the WSAO? Is there any other entity, as far as we know, on earth that has ever received water or sewage services without having to apply in accordance with the ordinance? Has anyone else gotten to do this? Your Honor, that is the crux of this matter. You're asking about evidence, right? Well, let me rephrase. Have you alleged that anyone else has ever gotten to do this after the 29 ordinance? Yes, Your Honor, we have alleged that, under paragraph- Without applying. Yes. Let's see. Other similarly situated entities who develop their land within the preliminary- Which JA side are you reading from? Paragraph 122 in this section argument, we allege that other similarly situated entities who develop their land within the preliminary plan received water and sewer allocation without having to comply with the restraints and when you're talking about evidence- That's it? That's the allegation? That is the allegation at this time, but if you look at under Equal Protection Claims, they have all the evidence of that. How do we know what the evidence of whether anybody, where are they leading? Wait, are you saying you allege something without having sufficient factual information to allege it? Well, we know for a fact that they have- How do you know that for a fact? There are other entities. First of all, we allege that we are treated differently, and that other similarly situated entities develop their land within the plan without having to comply with the restraints. And what was the basis of that allegation? The basis of that allegation was that, and I have to go back to the factual aspects of this, but essentially, there were other developers that were similarly situated to us, in particular, we looked at under the hearing, utility advisory joint JA-103, there were some entities in here who were subsequent to us in time or whatever priorities this was that received allocations at the same time that ours were denied, and that's JA-103. So, if you're looking at allocation requests from this advisory committee meeting, and you're taking the evidence- That's also the JA site you use for your statement in your brief that the commission, committee determined it would not and would never recommend that PEM's application be approved. I don't see that on that JA site, 103. So, Your Honor, with respect to the not never being approved, that's actually within the ordinance itself. If you look at who isn't, that's on JA-68. Well, that's my confusion. Then I'll look because your brief cited JA-103. As to the why it would never be approved, that was the meeting in which they did not grant the application. If you look at who can grant the approvals, Your Honor, it's JA-68 to 69. No. So, where's the meeting that they, where can I look for support for your statement that they said they would never grant your approval? So, you can look for support in that, Your Honor, in the ordinance first, which says, except- What are you reading from? JA what? JA-69, Your Honor. Thank you. Except those allocations which may be approved by the director, which is not the case, every other request for a new allocation of water and sewer must be approved by, upon action by majority vote of the Board of Commissioners. All requests except those approved by the director must first receive recommendation by the Utility Advisory Committee before being presented to the County Commissioners for consideration. Okay. How do you convert that to what you it would not and would never recommend the PEM's 2020 application be approved? So, Your Honor, with respect to the application, that was the meeting at which they can, we're getting into the evidence aspect of this, which is entirely argument. This is- I'm just trying to get into the veracity of your, what you said in your brief. Sure. So, that was the application process. The UAC would have to recommend that that particular allocation be approved at that, by that application. All of this sounds like they have discretion in denying or withholding approval for your water services. Is that correct? No, Your Honor, because what you're looking at with respect to discretion is, the question on discretion is whether there was any discretion back in 2005 when the plan itself was stamped approved. You have, we have the water approved. The requirement was, and it was a bargain for exchange. We had to put infrastructure in that bank connected to, in order to build in this development. And so, to notion that this was not a bargain for exchange, we bought this property with these water rights. We spent $100,000 substantial expenditures. So, under North Carolina state law, that is the invested property right that my client had. Mr. Nichols, could you just clarify, going back to the facts of the case, the plan that you're relying upon, what is the property interest here that you think you have? So, Your Honor, there's an interest in, first of all, it could be a property interest, which the court, you know, skipped to whether that's a benefit. So, it's an, a property interest could be an interest in a benefit. Interestingly, the sewer allocation. So, what's the benefit here? The language in the plan, this development will be served by Franklin County with water and sewer to be installed by the developer. That was some of the language that was cited. Is that the language you're relying upon that creates the benefit, the property interest? Yes, Your Honor. So, they provided us with water and sewer. We provided them with roads. Does it say that they have to give you an unlimited amount of water? Because I thought your concern was you're arguing not just that they're providing it, but the amounts. Isn't that what you're challenging? Well, not necessarily the amounts. Under this ordinance, they don't have to provide us anything ever. The question is whether we had it and they took it away. We had it in the amount and they took it away. Not the subsequent allocation, which is their argument is we just had this unfettered right. They could get more water. Interestingly, the allocation ordinance talks about suppliers and things like that. They can charge for water. They can do all those things. But there's a lot of things in the, that they're asking you to take judicial notice of. And we're at the stage now where you should not take judicial notice of that. I'm sure you're going hear some of the statements about things outside the record. And I understand my time is up. Does that answer your question, Judge Griggs? All right. Then you have time on rebuttal. Thank you, Mr. Nichols. Mr. Sheedy? Yes. Good morning. I am inclined to remove my mask, but I certainly don't want to be discourteous to the court or court personnel or anyone in the court. You are welcome. You're welcome to remove your mask. Thank you. Record, Jim Sheedy, appearing on behalf of Franklin County, North Carolina. As opposing counsel indicated, this matter is before the court for review of a Rule 12b1 decision. Mr. Sheedy, I'm sorry. I was going to try to wait saying this. I do not for the life of me understand how this is Rule 12b1. I think you're probably right, but this seems obviously 12b6. I guess first factual question, does your client have any problem if we were to affirm based on 12b6? Well, my client is not going to have a problem. Fair enough. But it is a subject matter jurisdiction claim because while the complaint may be construed in favor of the plaintiff, including all reasonable inferences to be derived therefrom, given this is subject matter, not based on diversity, but based on federal question. But the underlying federal question is a state law claim. The irreducible minimum standard has to be met. And we're here saying the lower court was correct. It hasn't been met facially. Here's my problem. I'm reading the district court's opinion. I'm totally with the court. I understand it. Their property interest claim is weird. It's untenable. It doesn't make a lot of sense. This is not a constitutional property interest. And I'm with you, with you, with you, with you. And then we say the fact that they don't have a property interest means they don't have standing. And that to me is just wrong. That means they don't have a due process claim, not that they don't have standing to make a due process claim. Well, they have a due process claim. Well, the instant they have a due process claim, we have subject matter jurisdiction under federal question. But there must be an infringement, a constitutional infringement, as, for example, was discussed in both Ross and in Gonzalez, of an underlying state law right. And because they have no property interest, and it's really not a real property or personal property interest, it's an interest in a benefit. No, that's right. It's an interest in a benefit. It doesn't really attach. There's no infringement. You can't have an infringement if you don't first have a right. I think I can agree with everything you just said there, other than the conclusion that that means they don't have standing. That to me is, I mean, they allege they have a property interest. Now, they may be wrong about whether they have a property interest. I'm inclined to think they are wrong about whether they have a property interest. But saying that you don't have a property interest doesn't mean you don't have federal question jurisdiction. It means that your claim, I mean, people, prisoners, lots of folks, allege deprivations of property all the time. And courts find that fine in some of those circumstances. You know, prisoners allege that they had a property interest in disciplinary interest. And courts find sometimes they don't have a property interest. But what they do then is say that you fail to state a claim on which relief can be granted, not that you don't have standing to make your claim. Unique here, for example, in Gonzales, there was a Colorado statute. And the court was looking at whether that restraining order afforded any jurisdiction to the police. Distinctive here, comparing this to Gonzales or Roth, or even this court's decision in Beck, there is no underlying state law, common law vested right to a benefit in a water and sewer allocation. General Note 4 says, as the court quoted a moment ago, this development will be served. That is all it says. It does not say served how much. It doesn't say when. It's a designation of who the provider to that development is going to be. So this matter is before the court on Judge Meyer's order. And in response to the court's question, there has to be a concrete particularized invasion of a legally protected interest. There must be some kind of connection between the injury and the conduct of the county. Both of those elements are not met here. And because those elements are not met here, the lower court felt there was no standing. Whether you use the word standing or you say there was a lack of subject matter jurisdiction, there is no subject matter jurisdiction because unique here is it's a federal question jurisdiction that they're asserting, not diversity. They don't have diversity. They've conceded that point. So they, for federal question jurisdiction, based on a constitutional infringement of a state law right, they must meet this irreducible minimum standard. And those are strong words, irreducible and minimum. And it is equally strong that the first prong of that test refers to a concrete particularized invasion. So if this matter were before the court without irreducible, without minimum, without concrete particularized invasion, yes, it would be a different exercise for the court under 12b-6. But that's not the posture of this case. Could you tell me how, if at all, the settlement agreement impacts the argument here? As I understand the argument, it is a two-pronged argument. The first prong, which I think I just addressed, that under General Note 4, there is no benefit in property. The second prong, as I understand the appellant's argument, is the settlement agreement itself created that benefit in property. And the difficulty with that, or already identified, is the language, that it's an application, although they wanted 95 lots, they agreed that they could apply for only up to 50. And that's a cutback. That's not a ministerial task. That's a concession, only up to 50. And then in the future, they had to apply like any other developer. They had to submit their application. The county would review it in good faith. The county would review it in the ordinary course of business. And the county would do so in a non-discriminatory fashion. Thus, the settlement agreement itself no more creates a legally protected interest than the General Note 4 on the plan creates a legally protected interest. Continuing for a moment, there are also arguments with respect to whether there was some type of contract right springing from General Note 4 on the plan. Well, this developer acquired an interest in 2012, seven years after this plan was approved. There is no language on that plan indicating that assignees get to stand in the shoes of their predecessor. Sure, the plan runs with the land, but I would also point out, which is in the record, that the settlement agreement itself also runs with the land. It was recorded. You can see the book and page number at the top of the settlement agreement. And therefore, there is no contract interest with respect to this that would give rise to a state law protected property interest either. The assertion is, I call it the WASO. That's consistent with each other. Well, they're not really inconsistent. The county didn't withdraw or change that designation that it was going to be the utility provider to this subdivision. Note 4 says who will serve, and the Water and Sewer Allocation Ordinance provides the specific procedure by which an allocation of quantity is made to these lots. And without that, as I heard the court inquire earlier, the county doesn't know exactly what it is allocating in the way of total capacity for those lots. So the WASO didn't take anything from the appellant because the appellant didn't have any allocation of capacity before the WASO was enacted. The fact that the WASO applies after enactment when there is a request for allocation only suggests that this was the process, both substantively and procedurally, by which an allocation of a specific amount of water flow and a specific amount of sewer flow may be made to the property that is shown on this plan. County reviewed and exercised its discretion with respect to that plan in 2005. That's what the approved stamp on the plan would tend to indicate. County reviewed and exercised discretion over the applications. As I said a moment ago, they could apply for up to 50, but they couldn't have 95. And as the cases indicate, when it refers to a legally protected property interest, the word protected goes to whether the exercise of discretion is occurring in this case by the county. In addition to the fact under the first prong of the three-prong irreducible minimum test, there's no injury here. These constitutional challenges are based on a potential that some future application is going to be denied. Well, I think they would say their injury is all the money they've already expended in developing the property and the opportunity lost in further developing the property with the water and sewer they expected. Which is a five-month delay during COVID, what it really amounts to. But you don't deny that at some point. I mean, if a government entity tells people you're allowed to do something and they spent a year, I mean, I know this isn't the facts of this case, but I guess I'm just making a point. If they spend years working on it and hundreds of thousands or millions of dollars on reliance on that, at some point, there are restrictions on the government's ability to say, just kidding, can't do that actually. And under North Carolina law, it's permits. If it's zoning, then yes, those common law vested rights exist. But as admitted in the brief of the to a water and sewer allocation. We're not saying that we're not going to serve the development, but we are saying that they do have to apply for the allocation. And they would receive an allocation for the specific number of lots that are shown on the application and the amount or quantity that is awarded, which again, you can see from a review of the application, which is in the appendix, is times whatever the quantity is attributed to those lots at the time under Department of Environmental Quality loading requirements. So we're not saying that they can't apply. And as the court has already inquired. What about opposing council's statement in the brief that the Utility Advisory Committee determined it would not and would never recommend the PEM's 2020 application be approved? Well, I think two things. I think first, that's not borne out by the minutes of the meeting. So mentioned. I agree with that. And second, I don't see anything in the water and sewer allocation ordinance that says that this developer would never be entitled to an allocation if it applied and met the requirements of the water and sewer allocation ordinance. And as I think the pleadings indicate, because I don't want to go outside the record, this is after all facial challenged. This developer has admitted that it's been applying for water and sewer allocations. So no, I don't think it's borne out by the documents which are before this court, that the county would never consider granting an allocation to this developer. Turning to the equal protection portion of the case for a moment. As the court has already noted, there really is only one bare bones allegation with respect to equal protection under the equal protection cause of action in that complaint. In fairness, there are prior allegations in the complaint which presumably are incorporated by reference into that equal protection count. But the court is absolutely correct. There is no allegation in that complaint of anyone who applied for an allocation after the water and sewer allocation ordinance had been enacted that was granted an allocation without having to comply with the ordinance. Well, I mean, I guess arguably the equal protection component says that, but it strikes me that is a conclusory statement of the legal standard and I don't see how that satisfies Twombly and Iqbal, right? I mean, the equal protection component asserts that people were, but it provides no facts whatsoever about who it was, when it was, what the circumstances were. And I guess to return to my earlier point that I'm not sure why this is subject matter jurisdiction, it strikes me that the answer there is that is a conclusory allegation of law that fails the standards of pleading as articulated by the Supreme Court in Twombly and Iqbal. I don't disagree with that. Similarly- Well, but that's not a 12B1, that's a 12B6. Similarly situated necessarily means that you have to at least in your averments put forth enough facts to meet the element that they are indeed similarly situated. I absolutely- That's deficient here. Oh, to be clear, I absolutely agree with you that doesn't comply with rule eight of the federal rules of civil procedure. I'm just not sure why it's subject matter jurisdiction. I understand. And Your Honor, in exchange with opposing counsel asked about takings, I don't think this is a Lucas case. It's not a Lucas case because again, there's no underlying regulatory deprivation of an existing state law, right? So I certainly am not surprised or federal takings claim- Well, sure. Then they'd have to allege that they've been deprived of all economically viable use of the land. In order to comport with the holding in Lucas. Right. Turning to really the last tier of this, because it's sort of a three-tiered analysis of first, do they have and have they alleged a sufficient amount to meet the irreducible minimum standard on second on subject matter jurisdiction? Do we have allegations which construed in favor of the plaintiff, including all reasonable inferences therefrom? Do we have similarly situated that have been treated disparately? We have looked at that. The lower court then dismissed the remaining state law claims for lack of supplemental jurisdiction. And I don't think there is any dispute between the appellant and the appellee based on the briefs. If there's no federal question jurisdiction over the constitutional claims, there's no supplemental jurisdiction over the state law claims. So here there is no federal question jurisdiction over these constitutional infringements of a non-existent state law interest in a benefit to property. There is no supplemental jurisdiction either. So the position of the county, the appellee, if this case belongs in any court, it belongs in state court. That's the place to go create a common law vested right in a water and sewer allocation. Appellant contest under North Carolina law, whether it has vested rights to such a benefit and whether it has some impending or imminent injury. Of course, the county believes that there is no common law vested right to an allocation of water and sewer capacity, nor is there any injury to this developer. Thank you. All right. Thank you, Mr. Sheedy. Mr. Nichols, you have some time. Thank you. Is it 2.22 then? No, she's resetting it to five. Sorry. Thank you. As this court has said in United States versus North Carolina, which we cite in our briefs, when there is a factual attack on subject matter jurisdiction that involves the merits of a dispute, because that's really what this is. A lot of the questions you're asking is, what's the practical effect of the settlement? What did you mean by this? What was meant by any vested rights in which the district court took notice of that that could be a statement, there were vested rights or not? We condemn there were. So when there is a factual dispute, the proper course of action for the district court is to find that jurisdiction exists and deal with the objection as a direct attack on the merits of the plaintiff's case. Court should refuse to treat indirect attacks on the merit as 12B1 motions. Merits and jurisdictional questions are not identical. They're so closely related to the jurisdictional issue. It's not suited for resolution in the context of a motion dismissed for lack of subject matter jurisdiction. Also, with respect to our seventh claim for relief, we contend that the ordinance itself, which states in part, an applicant of an additional phase of existing subdivision must have 30% of previous allocation as homeowner account, not builder account, prior to any additional phases be awarded allocation. We contend that on its face, that's a violation of due process because the ordinance is so vague in that it doesn't define applicant, it doesn't define phase, doesn't define existing subdivision, doesn't define previous allocation or additional phases or builder account. We're being tied essentially to what other people who are not us do within the subdivision. So yes, unless they can explain that we have the same rights as everyone else, we don't in this instance because we had something. And the argument that it's an unlimited allocation, they could charge for these services. Municipalities routinely do. They can get water and sewer from elsewhere. So with respect to the property right interest, you keep hearing about permits. That's not the test in the North Carolina state law. The test is whether or not there was a benefit. There was. And if you don't believe there was, that's a factual question. What was meant by what water and sewer will be allocated, would be provided by county. They say that just means, they said in their brief that you should take judicial notice, that that just means that the county would be the provider. Let's see what they said. That the county would essentially that the county... Okay. It just means the county will be the provider instead of wells and septic tanks or a community water system in a septic drain field. That's what they say. That's judicial notice that they're asking the district court and ask you to What does that note mean? That's a factual question. And if it's a factual question, it's not appropriate to resolve on 12B1. If you look under North Carolina state law, we have alleged a property interest and a benefit. And it's an allegation that we believe can be proven, but it can't be proven if the right to conduct any discovery or to ask them any questions about what was meant is taken away. So if you have that property right and it was taken away, then we contend you still have this equal protection claim. And I understand your position, your honor, that this was a... You could believe this would be more appropriate for 12B6. That is not the way the district court analyzed this matter. And so obviously we're here on the 12B1 aspect. I hear what you're saying with... Well, but I mean, I think as a descriptive matter, we have before affirmed a dismissal that was improperly labeled under 12B1, under 12B6. Oh, I understand your honor. And I think with respect to that, I would say that we do state a claim for the violation of due process rights. We state a claim for equal protection. There is, if you look at construing the... I understand your position, but if you construe the evidence in the light most favorable to us, and if you are taking the claim and you're looking at in the 12B6 scenario, the attachments, if you look at that March 20th meeting notice in comparison to everything else, you have to say that there were other developers in there that received allocations when we did not. And they are similarly situated to us. So the equal protection claim as pled, we can't establish yet at the pleading stage, whether these people were actually similarly situated. That's a narrow description as the court knows, but we can't establish that until we conduct discovery on the case. So when it comes down to it, while they would like to say this is state court, we've alleged sufficient federal court allegations and claims that should allow this case to survive. We do have standing. We would ask that the court reverse the decision of the petition. All right. Thank you. And thank both of you for good arguments today. We appreciate it. And I see you're both from Charlotte. Safe travels back. Maybe y'all can ride back together.
judges: Stephanie D. Thacker, Toby J. Heytens, Lydia Kay Griggsby